CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 15 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEZACHTRE GOODE,<br>    Plaintiff, | Civil Action No. 7:10-cv-00299 |
| v. | **MEMORANDUM OPINION** |
| OFFICER YOUNG, et al.,<br>    Defendants. | By: **Samuel G. Wilson**<br>**United States District Judge** |

Plaintiff, Dezachtre Goode, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Goode alleges that the defendants used excessive force against him. However, the court finds that Goode has not exhausted all available administrative remedies before filing this action, and therefore, the court dismisses his suit without prejudice pursuant to 42 U.S.C. § 1997e(a).

## I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies *before* filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In this case, along with his petition, Goode submitted the grievances that he has filed. Goode filed an "Emergency Grievance Form" on June 15, 2010, the date of the incident during which the defendants allegedly used excessive force against him, which was responded to the same day. Goode filed an

1

"Informal Complaint" on June 23, 2010, which was responded to on June 25, 2010. And Goode filed a "Regular Grievance" on June 25, 2010, which was responded to on July 1, 2010. Goode filed this complaint on July 1, 2010. As a Virginia Department of Corrections facility, the grievance procedure at Wallens Ridge State Prison involves another level of review which Goode clearly has not utilized yet: an appeal to the Regional Ombudsman.[1] Inasmuch as Goode has not appealed his grievance to the highest level of the prison's grievance procedure, the court finds that Goode has not exhausted all available administrative remedies *before* filing this action, and therefore, the court dismisses his suit without prejudice for failure to exhaust.

## II.

For the stated reasons, Goode's motion is dismissed without prejudice pursuant to §1997e(a) for failure to exhaust.

ENTER: This 15TH day of July, 2010.

United States District Judge

---

[1] The court notes that the procedure to file this "appeal" is explained on the response to Goode's "Regular Grievance."